Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626
Phone: (800) 400-6808
FAX: (800) 520-5523


Joshua B. Swigart, Esq. (SBN:22557)
josh@westcoastlitigation.com
HYDE & SWIGART
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Phone: (619) 233-7770
FAX: (619) 297-1022

*Attorneys for Plaintiffs Clarice M. Shadid and Lawrence D. Shadid, on behalf of themselves and all others similarly situated*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Clarice M. Shadid and Lawrence D. Shadid, *on behalf of themselves and all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>Wells Fargo Home Mortgage,<br><br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

1. Clarice M. Shadid and Lawrence D. Shadid ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Wells Fargo Home Mortgage ("Defendant"), in negligently and knowingly contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer.  TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that *automated* or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13; *see also*, *Mims*, 132 S. Ct. at 744 (emphasis added).

5. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

6. The Ninth Circuit affirmed certification of a TCPA class cases similar to this one, including in *Meyer v. Portfolio Recovery Assocs., LLC*, 696 F.3d 943 (9th Cir. 2012).

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227; *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

8. Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391(b) because Defendant is subject to personal jurisdiction in the Northern District of California as it conducts business there, and holds its corporate offices in San Francisco, CA.  28 U.S.C. § 1391(b)(2).

**PARTIES**

9.  Plaintiffs are, and at all times mentioned herein were, citizens and resident of the State of Nevada.

10. Plaintiffs is, and at all times mentioned herein are each a "person" as defined by 47 U.S.C. § 153 (39).

11. Defendant is located in the City of San Francisco, in the State of California.

12. Defendant, is and at all times mentioned herring was, a corporation is a "person," as defined by 47 U.S.C. § 153 (39).

13. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California and in the County of San Francisco, within this judicial district.

**FACTUAL ALLEGATIONS**

14. Starting in May 2014, Defendant began sending Plaintiff Clarice M. Shadid bank statements, claiming a balance of $20,153.70, which Plaintiff Clarice M. Shadid disputed.

15. From May 2014 until May 21,2016, Plaintiff Clarice M. Shadid and Defendant communicated numerous times regarding the alleged debt that Defendant claimed was owed and Plaintiff Clarice M. Shadid's dispute of that debt.

16. Prior to May 21, 2016, Defendant called Plaintiff Clarice M. Shadid's cellular telephone and Plaintiff Clarice M. Shadid told Defendant not to call her on her cellphone.  Plaintiff Clarice M. Shadid instructed Defendant that they "did not have permission from me to call me on my cell phone." Plaintiff Clarice M. Shadid unequivocally revoked any prior express consent that Defendant may have received to contact Plaintiff Clarice M. Shadid on her cellular telephone.

17. Nevertheless, Defendant continued to contact Plaintiff Clarice M. Shadid on her cellular telephone, including but not limited to the following:

- May 21, 2016: Defendant called from (800) 678-7986
- May 23, 2016: Defendant called from (800) 678-7986

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

18. On May 24, 2016, Defendant called Plaintiff Clarice M. Shadid's cellular telephone again and Plaintiff Clarice M. Shadid, again, instructed Defendant "not to call me" and unequivocally revoked any prior express consent that Defendant may have received to contact Plaintiff Clarice M. Shadid on her cellular telephone.

19. Nevertheless, Defendant still continued to contact Plaintiff Clarice M. Shadid on her cellular telephone, including but not limited to the following:

- June 3, 2016: Defendant called from (800) 853-8516
- June 16, 2016: Defendant called from (800) 678-7986
- June 17, 2016: Defendant called from (800) 853-8516
- June 20, 2016: Defendant called from (800) 678-7986
- June 21, 2016: Defendant called from (800) 678-7986
- June 23, 2016: Defendant called from (800) 853-8516
- June 24, 2016: Defendant called from (800) 853-8516
- June 27, 2016: Defendant called from (800) 944-4601
- June 28, 2016: Defendant called from (800) 678-1986
- June 29, 2016: Defendant called from (800) 678-7986
- June 30, 2016: Defendant called from (800) 678-7986
- July 5, 2016: Defendant called from (800) 678-7986
- July 6, 2016: Defendant called from (800) 678-7986
- July 8, 2016: Defendant called from (800) 678-7986
- July 9, 2016: Defendant called from (800) 678-7986
- July 11, 2016: Defendant called from (800) 678-7986
- July 12, 2016: Defendant called from (800) 678-7986
- July 13, 2016: Defendant called from (800) 678-7986
- July 14, 2016: Defendant called from (800) 944-4601
- July 15, 2016: Defendant called from (800) 868-0043
- July 16, 2016: Defendant called from (800) 678-7986

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

- July 18, 2016: Defendant called from (800) 853-8516

- July 19, 2016: Defendant called from (800) 678-7986

- July 20, 2016: Defendant called from (800) 944-4601

- July 21, 2016: Defendant called from (800) 944-4601

- July 22, 2016: Defendant called from (602) 328-2200

- July 23, 2016: Defendant called from (800) 678-7986

20. On July 25, 2016, at 7:13 p.m., Defendant called Plaintiff Clarice M. Shadid's cellular telephone, again, and Plaintiff Clarice M. Shadid, again, instructed Defendant "don't call me again" and that Defendant did not have any permission to contact Plaintiff Clarice M. Shadid on her cellular telephone.

21. In addition, on August 8, 2016, Defendant called Plaintiff Lawrence D. Shadid on his cellular telephone at (702) 334-XXXX from Defendant's phone number (800) 678-7986.

22. Prior to August 8, 2016, Plaintiff Lawrence D. Shadid never provided Defendant any consent whatsoever to be contacted on his cellular telephone utilizing an automated telephone dialing system.

23. On August 15, 2016 Defendant, again, called Plaintiff Lawrence D. Shadid on his cellular telephone at (702) 334-XXXX.  Plaintiff Lawrence D. Shadid, again, made clear that "Wells Fargo does not have permission to call us on this number."

24. The phone calls placed to Plaintiffs' cellular telephones described above were placed via an automatic telephone dialing system ("ATDS"), as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

25. Defendant used an ATDS when it made the phone calls described above because when Plaintiffs answered the calls, Plaintiffs noted a "pause" before a live person appeared on the line which is "characteristic of an automated dialer." *See, e.g., Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015); *ATDSOliver v. DirecTV, LLC*, No. 14-cv-7794, 2015 U.S.

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

Dist. LEXIS 47964, at *11-12 (N.D. Ill. Apr. 13, 2015) ("allegation regarding the 'momentary pause,' along with his other allegations regarding Defendant's phone calls, are sufficient to draw a reasonable inference that Defendant used an ATDS"); *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR, 2015 U.S. Dist. LEXIS 34516, at *17 (N.D. Cal. Mar. 18, 2015) ("descriptions of the 'telltale' pause after plaintiff picked up each call until the agent began speaking, which suggests the use of a predictive dialing system").

26. Defendant used an ATDS when it made the phone calls described above because Defendant is a major national mortgage servicer that services a large amount of consumers' mortgages and likely needs a "sophisticated phone system" capable of "storing phone numbers and dialing them automatically." *See*, *e.g.*, *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015).

27. Defendant called Plaintiffs in order to collect a debt that was being disputed by Plaintiffs regarding a mortgage on their primary residential property.

28. The telephone number that Defendant, or its agent called was assigned to a cellular telephone service for which Plaintiffs incurred a charge pursuant to 47 U.S.C. § 227 (b)(1).

29. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

30. At no time did Plaintiffs provide Defendant or its agents with prior express consent to receive the unsolicited and violating phone calls described above, pursuant to 47 U.S.C. § 227 (b)(1)(A).

31. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b) (1).

32. Defendant's actions were willful under because Defendant was aware that it was contacting Plaintiffs on their cellphones.  Defendant was also aware that it had no prior express consent from Plaintiffs to contact them on their cellular phones.

33. Plaintiffs suffered an invasion of a legally protected interest when Defendant contacted Plaintiffs on their cellular phone when Defendant had no right to do so, an invasion of Plaintiffs' right to privacy. The TCPA protects consumers like Plaintiffs from this precise behavior.

34. Plaintiffs have a common law right to be protected from invasions of their privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, The Right to Privacy, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA. "Banning such *automated* or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." TCPA, Pub.L. No. 102–243 at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

35. Plaintiffs were affected personally because when he realized the behavior of Defendant described above (continuous and illegal phone calls), Plaintiffs felt that their privacy had been invaded by Defendant who had no right to contact Plaintiffs' private cellular phones.

36. The injury suffered by Plaintiffs is concrete because Defendant's violations caused Plaintiffs to suffer an invasion of privacy. In enacting the TCPA, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on contact to people's cellular telephones.

37. Further, Defendant's violations also caused Plaintiffs to suffer a real and concrete harm because when Defendant called Plaintiffs, Plaintiffs' time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiffs. Defendant also consumed and wasted Plaintiffs' cellphone battery life. Plaintiffs also suffered from frustration and annoyance which the TCPA

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

## CLASS ACTION ALLEGATIONS

38. Plaintiffs bring this action on behalf of themselves and on behalf of and all others similarly situated ("the Class").

39. Plaintiffs represent, and are a member of the Class, consisting of:

> All persons within the United States who received any automated or pre-recorded cell phone calls from Defendant without prior express consent within four years prior to the filing of this Complaint.

40. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

41. Plaintiffs and member of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduced cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

42. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto.  Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

43. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court.  The Class can be identified through Defendant's records or Defendant's agents' records.

44. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a) Whether, within the four years prior to the filing of this Complaint, Defendant placed any unsolicited calls (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

   b) Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

   c) Whether Defendant should be enjoined from engaging in such conduct in the future.

45. As people that received at least one unsolicited cell phone call each without Plaintiffs' prior express consent, Plaintiffs assert claims that are typical of the Class.  Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

46. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm.  In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.  Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

47. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

48. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendant to comply with federal law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

49. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

50. Plaintiffs and the Class members suffered an invasion of a legally protected interest when Defendant contacted Plaintiffs and the Class members on their cellular phone when Defendant had no right to do so, an invasion of Plaintiff's and the Class members' right to privacy.  The TCPA protects consumers like Plaintiffs and the Class members from this precise behavior.

51. Plaintiffs and the Class members have a common law right to be protected from invasions of privacy. *E.g.*, Samuel D. Warren & Louis D. Brandeis, The Right to Privacy, 4 Harv. L. Rev. 1155, 193 (1890).  Congress sought to further protect that right by enacting the TCPA.  "Banning such *automated* or prerecorded

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion." TCPA, Pub.L. No. 102–243 at § 12 (emphasis added); *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

52. Plaintiffs and the Class members were affected personally because the behavior of Defendant described above (continuous and illegal phone calls) caused Plaintiff and the Class members to feel that their privacy had been invaded by Defendant who had no right to contact Plaintiffs' or the Class members' private cellular phone.

53. The injury suffered by Plaintiffs and the Class members is concrete because Defendant's violations caused Plaintiffs and the Class members to suffer an invasion of privacy.   In enacting the TCPA, Congress specifically sought to protect consumers from invasions of privacy and created restrictions on contact to people's cellular telephones.

54. Further, Defendant's violations also cause Plaintiffs and the Class members to suffer a real and concrete harm because when Defendant called Plaintiff and the Class members, Plaintiffs' and the Class members' time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff or the Class members.   Defendant also consumed and wasted Plaintiff's and the Class members' cellphone battery life.   Plaintiffs and the Class members also suffered from frustration and annoyance which the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

**FIRST CAUSE OF ACTION**

**NEGLIGENT VIOLATIONS OF THE TCPA**

**47 U.S.C. § 227 ET SEQ.**

55. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

58. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA**

**47 U.S.C. § 227 ET SEQ.**

59. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

61. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

62. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs respectfully request the Court grant Plaintiffs and The Class members the following relief against Defendant:

- That the action regarding each violation of the TCPA be certified as a class action on behalf of the Class and requested herein;

- That Plaintiffs be appointed as representatives of the Class;

- That Plaintiffs' counsel be appointed as counsel for the Class;

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) for each plaintiff and putative class member;

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C) for each plaintiff and putative class member;

- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

- any and all other relief that this Court deems just and proper;

KAZEROUNI LAW GROUP, APC
245 Fischer Ave.
Costa Mesa, CA 92626

COMPLAINT                              - 13 of 13 -

**TRIAL BY JURY**

63. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated this 28 day of February 2017.

Respectfully submitted,
KAZEROUNI LAW GROUP, APC

By:     /s/ Abbas Kazerounian
        Abbas Kazerounian, Esq.
        245 Fischer Ave.
        Costa Mesa, CA 92626
        *Attorneys for Plaintiffs*